UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                 Case No: 8:12-cr-219-T-27AEP

**RUSSELL B. SIMMONS, JR.**
_____/

ORDER

**BEFORE THE COURT** is Defendant Simmons' *pro se* Motion for Compassionate Relief. (Dkt. 133). The motion is construed as seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) and Section 603 of the First Step Act.[1] A response is unnecessary. The construed motion is **DENIED without prejudice**.

Simmons pleaded guilty and was sentenced to 156 months on one count of wire fraud and a consecutive term of 24 months on one count of identity theft. (Dkt. 105 at 76; Dkt. 67 at 2-3). This Court granted a subsequent motion to reduce the sentence under Rule 35(b) of the Federal Rules of Criminal Procedure, reducing Simmons' sentence on the wire fraud count to 126 months. (Dkts. 80, 81). He seeks a further reduction on the basis that "COVID-19, if contracted, has potential life threatening results," and that he "has high blood pressure, and is African-American, placing him in the CDC's highest risk of vulnerability to infection and morbidity." (Dkt. 133 at 2-3). He further asserts that this Court "never factored COVID-19 into its 18 USC 3553 factors when sentenced," and that several "rehabilitation factors" support his motion, including his completion

---

[1] In his motion, Simmons seeks release under § 404, which made certain sections of the Fair Sentencing Act retroactively applicable and allows courts to impose reduced sentences on "covered offenses." *See United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020). However, he has not demonstrated that he is serving a sentence for a "covered offense" under § 404. The request for relief under § 404 is therefore denied.

of "all RPP courses required, while also completing the RDAP program along with follow-up programing," his teaching of an automotive sales class to inmates for three years, and his maintaining "strict religious and dietary adherences while he has been detained." (Id. at 3-4). He requests immediate release or home detention. (Id. at 5).

The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after exhausting administrative remedies within the Bureau of Prisons. *See* First Step Act of 2018, § 603(b). Simmons does not assert that he has exhausted all available administrative remedies in the Bureau of Prisons. Even if he had, he has not shown extraordinary and compelling reasons warranting a modification of his sentence. Indeed, while the First Step Act provides for a sentence reduction based on "extraordinary and compelling circumstances," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt. n.1. None of the circumstances offered by Simmons falls within these circumstances. Nor does he provide any medical documentation reflecting that, because of his high blood pressure and hypertension, he suffers a serious medical condition or is unable to care for himself while incarcerated. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical

2

conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").

Additionally, while Simmons' rehabilitation efforts are admirable, rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t). And although he cites the sentencing factors in 18 U.S.C. § 3553, in the absence of an extraordinary and compelling reason or another basis to warrant a reduction, this Court cannot reduce his sentence. *See* 18 U.S.C. § 3582(c)(1).

In sum, Simmons' reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are not, therefore, consistent with the policy statement in § 1B1.13. Accordingly, because Simmons has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, the Court is without authority to grant relief, and the motion for sentence reduction is **DENIED without prejudice**.

**DONE AND ORDERED** this 4th day of June, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record